IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS FLETCHER,

    Plaintiff,

vs.                                                   No. CV 19-00007 MV/KK

CURRY COUNTY DETENTION CENTER,
MAGISTRATE COURT,
CLOVISE POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the civil rights complaint filed by Plaintiff, Chris Fletcher (Doc. 1) ("Complaint"). The Complaint fails to state a claim on which relief can be granted. The Court will dismiss the Complaint and grant leave to file an amended complaint within 60 days.

### Factual and Procedural Background

Plaintiff Chris Fletcher filed a handwritten "1983 tort" Complaint. (Doc. 1 at 1). He states that, on November 3, 2018, he was arrested and charged with breaking into his own home. (Doc. 1 at 2). He alleges that he lives with his uncle who has beginning stage dementia. (Doc. 1 at 2). He and his uncle had been drinking vodka that day. He asserts that the police report illegally states that he and his uncle were drunk when he kicked in the front door. (Doc. 1 at 2).

He claims that his arrest and detention were without probable cause. (Doc. 1 at 2-3). He also asserts that his rights to be free from discrimination were violated and that his bail was excessive. (Doc. 1 at 2-3). Finally, he contends that the charges should not have been bound over to "criminal" court (District Court) because the case is really a landlord-tenant dispute. (Doc. 1 at

2-3). He seeks damages in the amount of $2,500 per day of detention, $55,000 from each Defendant entity, and that the Clovis Police Department be reviewed for profiling. (Doc. 1 at 4).

The Court takes judicial notice of the New Mexico state court records in his criminal case.[1] Breaking and entering charges were brought against him in Magistrate Court and docketed as case no. M-12-FR-2018-00543. He was bound over to District Court and the charges were docketed as case no. D-905-CR-2018-00559. The District Court granted his plea in abatement and remanded the case to Magistrate Court. The Magistrate Court then dismissed the charges without prejudice on March 5, 2019.

## STANDARD

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints against government officials or entities. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials, even if they are removed from state court). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] This Court may take judicial notice of the official New Mexico court records in Fletcher's criminal case. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (holding that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

2

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## ANALYSIS

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a cognizable constitutional claim against the named Defendants (Curry County Detention Center, Magistrate Court, and Clovis Police Department). The allegations do not tie any individual to the alleged wrongdoing. Further, a local governmental body, like a city police force or a county detention center, cannot be held

vicariously liable for its employee's alleged constitutional violations under § 1983. *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir. 2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, a local public body is liable under § 1983 only where the unconstitutional conduct occurred while an official was carrying out a policy or custom established by the public body, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir. 2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir. 1993) (internal citation omitted)).

Plaintiff has not alleged that any policy by any of the Defendants caused his alleged injuries. Although Plaintiff does make very generalized allegations of racism by an individual named "Hollis," Doc. 1 at 2-3, he does not identify who Hollis is or set out specific factual allegations of what Hollis did that constituted racial discrimination. In the absence of any allegations of personal involvement by an identified official in the alleged constitutional violation, the Complaint is insufficient to state a claim under § 1983. *Fogarty,* 523 F.3d at 1162. The Complaint therefore fails to state a federal constitutional claim against any named Defendant.

For this reason, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow Plaintiff to amend his complaint within sixty (60) days of entry of this Order. The amended complaint should contain specific factual allegations identifying which individual actors engaged in the acts that deprived him of his constitutional rights, what they did, and how their actions deprived him of his rights. The amended complaint should also contain specific allegations identifying how the individual actors' actions

were caused by a policy or custom of the governmental entities named as Defendants here. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that fails to state a cognizable federal constitutional claim, the Court will dismiss his claims without further notice.

**IT IS ORDERED:**

(1) the prisoner civil rights Complaint filed by Plaintiff (Doc. 1) is **DISMISSED** for failure to state a claim on which relief can be granted; and

(2) Plaintiff is granted leave to file an amended complaint within 60 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE